Chavez-Suntaxi v. Bondi

BIA
Reid, IJ
A216 990 041/042/043

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand twenty-five.

PRESENT:
>       RICHARD J. SULLIVAN,
>       WILLIAM J. NARDINI,
>       SARAH A. L. MERRIAM,
>               *Circuit Judges.*

_____

CARLOS ENRIQUE CHAVEZ-SUNTAXI,
PAOLA CLEMENCIA CHILUISA-
VARGAS, A.A.C.-C.,
>       *Petitioners,*

v.                                                          23-7216
                                                           NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONERS:          Michael Borja, Borja Law Firm, P.C., Jackson
                          Heights, NY.

FOR RESPONDENT:           Brian Boynton, Principal Deputy Assistant
                          Attorney General; Anthony P. Nicastro,
                          Assistant Director; Ilana J. Snyder, Senior
                          Litigation Counsel; Office of Immigration
                          Litigation, United States Department of
                          Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Carlos Enrique Chavez-Suntaxi, his wife Paola Clemencia

Chiluisa-Vargas, and their minor daughter A.A.C.-C.,[1] natives and citizens of

Ecuador, seek review of an August 29, 2023, decision of the Board of Immigration

Appeals ("BIA") affirming an August 3, 2022, decision of an Immigration Judge

("IJ") denying their applications for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). *See In re Carlos Enrique Chavez-*

*Suntaxi, et al.*, Nos. A216 990 041/042/043 (B.I.A. Aug. 29, 2023), *aff'g* Nos. A216 990

---

[1] We have used only initials to refer to the minor petitioner in this publicly accessible
order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of
Appellate Procedure 25(a)(5).

041/042/043 (Immigr. Ct. N.Y.C., Aug. 3, 2022).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA.   *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).   We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*.   *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

## I.     Asylum and Withholding of Removal

An applicant for asylum or withholding of removal has the burden to establish either past persecution or a well-founded fear of future persecution, and that a protected ground is "at least one central reason" for that past or feared harm.   8 U.S.C. § 1158(b)(1)(B)(i); *see* 8 C.F.R. §§ 1208.13(b), 1208.16(b).   Contrary to Chavez-Suntaxi's position, the "one central reason" standard applies to both asylum and withholding of removal.[2]   *See Quituizaca v. Garland*, 52 F.4th 103, 109–

---

[2] We refer solely to Chavez-Suntaxi because his wife and daughter relied on his factual statement and proposed social group.

3

14 (2d Cir. 2022); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (explaining that the overruling of *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), does "not call into question prior cases that relied on the *Chevron* framework" and that "[m]ere reliance on *Chevron* . . . is not enough to justify overruling a statutory precedent").[3]  The protected ground "cannot be a minor, incidental, or tangential reason for the harm."  *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022).

The agency concluded that (1) Chavez-Suntaxi's proposed social group of "Ecuadorian men who take concrete steps to oppose gang authority," Certified Admin. Rec. at 42, was not sufficiently particular or socially distinct to be cognizable and, (2) in the alternative, he had failed to establish that gang members extorted, threatened, and assaulted him and his family because of his membership in that group.   We conclude that Chavez-Suntaxi has abandoned review of these dispositive grounds for the denial of asylum and withholding of removal.

Chavez-Suntaxi had the burden to establish a cognizable social group, that is, a group "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the

---

[3] Chavez-Suntaxi does not argue that *Quituizaca* is no longer good law.

4

society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Loper Bright Enters.*, 603 U.S. at 412. He does not address particularity, and as to social distinction, he analogizes his case to a Ninth Circuit case but does not address the factual record in his own case. *See* Petitioners' Br. at 8–9. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (citation and quotation marks omitted); *see also* Fed. R. App. P. 28(a)(8)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). Moreover, his reliance on a Ninth Circuit case regarding a group of witnesses who *testified* against gang members is misplaced, because his proposed social group of people who "opposed" gangs does not include the characteristic that made that group socially visible, and therefore cognizable—testifying as a witness in court. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013).

Chavez-Suntaxi has also abandoned review of the agency's alternative dispositive nexus finding. The agency concluded that the gang's motivation for harming him was purely for financial gain and merely based on ordinary criminal

5

motives. There was no legal error in that finding. *See Garcia-Aranda*, 53 F.4th at 758 (finding insufficient evidence of a nexus to a proposed family-based social group where evidence indicated that gang members targeted the applicant "for extortion and kidnapping based on her perceived ability to pay"); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."). And the single sentence in Chavez-Suntaxi's brief asserting that gang members targeted him because of his "resistance and their known observations"—with no citation to the record or legal authority— is insufficient to challenge the agency's conclusion. Petitioners' Br. at 9; *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where brief "devote[d] only a single conclusory sentence" to it).

## II. Convention Against Torture (CAT)

To succeed on a CAT claim, an applicant must show that he would "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Chavez-Suntaxi contends that he only needed to show that the government was

6

unable or unwilling to protect him, not that the government would acquiesce to his torture. *See* Petitioner's Br. at 13. But this argument is misplaced, because he does not challenge the agency's findings that he failed to establish that he would "more likely than not" be tortured. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Debique*, 58 F.4th at 684.

In sum, Chavez-Suntaxi has failed to preserve for our review the dispositive findings of the agency.[4]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

---

[4] Petitioners are represented by counsel in this appeal. That counsel has appeared in numerous cases before this Court, and has recently been the subject of an Order to Show Cause in another matter, noting that "in at least nine cases" in which this counsel was the attorney of record, "petitions were denied in whole or in part for raising unexhausted issues or for failing to argue material issues. *See* 2d Cir. 21-6606, 22-6293, 21-6618, 21-6154, 20-3042, 20-837, 20-749, 20-712, 20-598." *Cartagena-Ortiz v. Garland*, No. 24-358, (2d Cir. Oct. 17. 2022), ECF No. 22 at 2.